■ JULIAN BERGMAN, Appellant-Respondent, v LAURIE C. FEINBERG, Respondent-Appellant, et al., Defendants. [776 NYS2d 611]—

Carpinello, J. Cross appeals from an order of the Supreme Court (McGill, J.), entered May 5, 2003 in Clinton County, which, inter alia, granted defendant Laurie C. Feinberg's cross motion for summary judgment.

This is a dispute between plaintiff and his uncle's surviving spouse, defendant Laurie C. Feinberg (hereinafter defendant), over ownership and interment rights in a cemetery plot located in Beth Israel Cemetery in the City of Plattsburgh, Clinton County. The plot was purchased in 1944 by Benjamin F. Feinberg, plaintiff's grandfather and defendant's father-in-law. A mausoleum was later erected on the plot and now contains six crypts. Over the years, five members of the Feinberg family have been interred in the mausoleum, namely, Feinberg, his wife and each of their three children. Feinberg's two daughters died with children but without spouses surviving them and Feinberg's son died without children, but is survived by his spouse, namely, defendant. Feinberg's son (defendant's spouse) was the latest family member to be interred in the mausoleum and it was following his death in 2001 that acrimony developed between plaintiff and defendant over maintenance of and access to the mausoleum.

According to plaintiff, following his grandmother's death in 1954, the mausoleum was always used as a place of prayer and meditation by himself, his grandfather, his mother and his uncle, and this ritual continued even after his grandfather's death. According to plaintiff, his uncle always made sure that he was given a key to the mausoleum so that he could have access to it. Following his uncle's death, however, defendant had the locks on the mausoleum changed and refused to provide plaintiff access, thus prompting him to commence this declaratory judgment action seeking a declaration of the parties' respective ownership and interment rights and an order directing defendant and defendant Beth Israel Cemetery Association to provide him access. At issue is an order of Supreme Court which found that ownership of the plot and mausoleum devolved to, among others, both parties, but nevertheless granted defendant sole use, occupancy and possession of it because she was determined to be the "representative" of the plot by the Cemetery Association. Plaintiff and defendant cross-appeal.

As a starting point, we are compelled to make one observation about the instant dispute, that is, the parties' principal objectives vis-à-vis this family plot are not as divergent as this action might otherwise lead one to believe. While generally argu-

ing that he has a right to be interred in the plot, it appears that plaintiff is principally concerned with access to the mausoleum so that he can pay respects to several deceased members of his family, particularly his mother and grandparents. While defendant generally argues that plaintiff has no right of access into the mausoleum itself—the denial of which by her is perplexing—her main objective appears to be interment with her husband in the last remaining crypt. To the extent that we have fairly characterized the parties' real concerns, we note that plaintiff has the legal right to achieve his objective and defendant may have the legal right to achieve hers, but we cannot determine the latter on the present record.

We begin with an analysis of Religious Corporations Law § 8, in conjunction with the laws of testamentary distribution, and turn first to the issue of possession, care and control. The record makes clear that Feinberg purchased the cemetery plot. He died testate leaving three children and no widow surviving him. Thus, as relevant to these facts, Religious Corporations Law § 8 provides: "Lots in such cemeteries shall be held indivisible, and upon the decease of a proprietor of such lot the title thereto shall descend to his heirs-at-law or devisees, subject, however, to the following limitations and conditions: . . . If he leaves children and no widow, they, or the survivor of them, shall in common have the possession, care and control of such lot during the life of the survivor of them." Because Feinberg left three children and no widow, the applicable "limitation[ ] and condition[ ]" provided that each of his three children had a common right of possession, care and control during the life of the survivor of them (i.e., during the life of any of Feinberg's children). Thus, until the last of Feinberg's children died in 2001, all rights remained in one or more of the three children. Upon the death of Feinberg's last child, however, the limitations and conditions of Religious Corporations Law § 8 no longer applied, and title to the plot descended to the "devisees" under his will.*

Turning to Feinberg's will, we note that he did not specifically bequeath his interest in the plot to anyone. Thus, under its residuary clause, each of his three children became co-owners of the plot. Since Feinberg's two daughters died without making specific bequests of their respective interests to anyone, their children (plaintiff, his siblings and his cousins) became co-owners under the residuary clauses of their wills. When

---

* We do not read Religious Corporations Law § 8 as affecting ownership rights of spouses or children of a proprietor's *children*, only spouses or children of a proprietor. Thus, neither plaintiff nor defendant gain or lose any rights by virtue of this statute *if Feinberg was the only owner*.

Feinberg's son died in 2001, he also did not make a specific bequest of his interest in the plot to anyone and therefore defendant, under the residuary clause of his will, became a co-owner of the plot with the nieces and nephews. Therefore, Supreme Court correctly found that plaintiff and defendant are co-owners of the plot. We find that this status permits each to have access to it.

Despite correctly finding that plaintiff and defendant were co-owners of the plot, Supreme Court nevertheless granted defendant sole use, occupancy and possession of it because the Cemetery Association had designated her as the representative of the Feinberg family plot. To be sure, Religious Corporations Law § 8 provides that, "when more than one person is entitled to the possession, care or control of such lot," the co-owners shall designate a representative to the religious corporation which owns the cemetery. Where co-owners fail to designate a representative in writing, as in this case, then the religious corporation assumes the responsibility and shall designate someone to "represent the lot" (Religious Corporations Law § 8). Nothing in the statute, however, gives the person so designated any greater rights of possession, care or control than his or her co-owners. Thus, here, Supreme Court erred in finding that defendant's designation as the family representative of the Feinberg family plot by the Cemetery Association gave her exclusive use, occupancy and possession of it.

With respect to the right of interment, Religious Corporations Law § 8 provides that "[t]he widow shall have the right of interment." The term widow under the statute, however, clearly refers back to that of the "proprietor." In this case, the original proprietor was Feinberg, who died without a widow surviving him. Thus, unless defendant can prove that she is the widow of a "proprietor" of the plot, she shares no greater right to interment than plaintiff, his siblings or cousins. On this point, defendant does assert that her husband contributed to the cost of the mausoleum and was in fact a co-owner of the plot with Feinberg. The evidence submitted on this issue is sparse and in any event disputed; hence, a hearing is required to resolve same. If defendant can prove that her husband was an original co-owner of the plot with Feinberg, then she, as a widow of a "proprietor," would have the right to be interred in the last remaining crypt under Religious Corporations Law § 8. Until this factual issue is resolved in her favor, however, no co-owner of the plot has a greater right to be interred than any other under the statute.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by

reversing so much thereof as granted defendant Laurie C. Feinberg sole use, occupancy and possession of the subject plot; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.